RAVESIES *v.* UNITED STATES.

*(District Court, S. D. Alabama. July 24, 1888.)*

1. SEAMEN—SHIPMENT—FEES OF SHIPPING COMMISSIONER—COASTWISE TRADE.
   Vessels engaged in the inland river trade of the state of Alabama, though carrying merchandise between the several states of the United States, are not engaged in the "coastwise trade" within the meaning of the act of congress of June 19, 1886, so as to entitle a shipping commissioner to the fees therein prescribed for shipping crews for such vessels.

2. SAME.
   That such vessels were enrolled and licensed to carry on the "coasting trade" is insufficient; to come within the provisions of the act they must be actually engaged therein.

3. SAME—RESHIPMENT.

     Section 19, act cong. June 26, 1884, concerning fees for reshipments of sea-
men, relates to vessels engaged in the foreign trade, and section 27 of that
act provides that the secretary of the treasury shall "regulate the mode of
conducting business in the shipping offices." Neither section affects the
right of a shipping commissioner to fees for shipping crews for vessels en-
gaged in the coastwise trade under section 2 of the act of June 19, 1886,
though the seamen shipped on the same vessels from which they had but re-
cently been formally discharged.

4. SAME.

     A reshipment within the meaning of the act of June 26, 1884, consists in the
continuing by the seaman in the service of the same vessel, after the expira-
tion of the original term of service, without any interruption by discharge
and release, whether under new articles or merely an indorsement on the
original articles.

At Law.

Action by Paul Ravesies against the United States to recover fees for
services rendered as shipping commissioner for the port of Mobile.

*John Little Smith* and *Thomas H. Smith*, for petitioner.

*John D. Burnett*, U. S. Dist. Atty., for the United States.

TOULMIN, J. As shown by the petition, the plaintiff was United
States commissioner for the port of Mobile, in the state of Alabama,
from the 4th of March, 1887, to the 19th of July, 1887, inclusive, and
during that period he, as such commissioner, shipped seamen to com-
pose the crews of American vessels engaged in trade on the inland navi-
gable rivers within the state of Alabama, and also the crews of American
vessels engaged in trade between the port of Mobile, in said state of Ala-
bama, and Tampa and other ports, in the state of Florida. It is shown
that each of the said vessels in the inland river trade in the state of
Alabama was engaged in voyages between ports within said state; that
all said shipments were made at the request of the masters of said ves-
sels, respectively; that the vessels were duly enrolled in the custom-
house at Mobile, and licensed to carry on the coasting trade; and that
they were directly and actually engaged in commerce between the sev-
eral states of the United States. The plaintiff duly presented to the
treasury department his account for the fees which he claims to be due
him for the services rendered, but it was disallowed, and payment
thereof refused. He now sues to recover the amount of the account.
The United States, by the district attorney, demurs to the petition so
far as it relates to the shipment of seamen on vessels engaged in making
voyages in the river trade from and to points exclusively within the
state of Alabama, and pleads the general issue to the allegations of the
petition relating to the shipment of seamen on the vessels engaged in the
trade with ports in the state of Florida. The plaintiff bases his right to
the fees sued for on the act of congress of June 19, 1886, which provides
"that shipping commissioners may ship and discharge crews for any ves-
sel engaged in the coastwise trade  *  *  *  at the request of the mas-
ter or owner of such vessel." It is conceded that, unless plaintiff is en-
titled under this act to the fees claimed, he has no right to them. To
entitle him to such fees the vessels for which he performed the services

charged for must have been engaged in the "coastwise trade." The question raised by the demurrer to the petition is whether vessels engaged in making voyages in the inland river trade from and to points exclusively within the state of Alabama are engaged in the coastwise trade, it being admitted they were engaged in the transportation of merchandise and other subjects of trade and commerce between the state of Alabama and other states of the United States. Does it follow that because a vessel is engaged in commerce among the states it is engaged in the "coastwise trade?" These vessels may be said to be engaged in interstate commerce when they aid in the transportation of objects of trade and commerce, and of passengers, from points within this state to points within another of the United States, and to foreign nations, and also in the transportation to points within this state of such objects shipped from foreign nations, or from other of the United States. But the fact that they are engaged in commerce among the states does not of itself give them a right to the services of the shipping commissioner under the act of congress of June 19, 1886. Unless they were at the same time engaged in the "coastwise trade," the plaintiff would not be entitled to the fees claimed. Were they so engaged? To be engaged in means to be employed, to be occupied, in the "coastwise trade." "Coast" is defined to be the seaboard of a country. The coast is the sea-shore. "Coastwise," by way of the coast; along shore. See the case of *The James Morrison*, 1 Newb. Adm. 241; *The William Pope*, Id. 256. "Coastwise trade" means trade or intercourse carried on by sea between two ports or places belonging to the same country. "Coastwise trade" may be a part of the commerce among the several states, but commerce among the several states is not necessarily "coastwise trade."

These vessels were enrolled and licensed to carry on the coasting trade, and it is contended that the enrollment and license define their occupation. The enrollment of a vessel does not define or limit her occupation. It gives a description to her, identifies her by her class, name, and tonnage, master, owners, etc., and entitles her to certain benefits and privileges as a vessel of the United States; and the license only authorizes her as an enrolled vessel to engage in the coasting trade. It entitles her to the privilege of engaging in the coasting trade. Unless she is actually engaged in the coastwise trade, the shipping commissioner has no authority to ship her crew at the expense of the government under the act of June 19, 1886. The demurrer to the petition is good, and it is sustained.

It is admitted that the vessels engaged in the trade with the Florida ports were engaged in the coastwise trade, and that the plaintiff is entitled to recover the fees charged for the shipments made on said vessels; but it is suggested that, inasmuch as the seamen shipped on said vessels had been engaged on them as seamen on previous voyages, and there had been no intermediate voyage made by the vessels, the shipments charged for were reshipments or re-engagements, and that the shipping commissioner, in view of sections 19 and 27, Act Cong. June 26, 1884, was not entitled to any fees therefor. If the charges here made were for reship-

ments, as is suggested, it seems to me a sufficient answer to the suggestion is the fact that section 19 of the act referred to relates to vessels engaged in the foreign trade, and where a shipment or engagement had been made for which a fee had been once paid by the vessel. At that time the commissioner's fees were chargeable to the vessel. Here the fees charged relate to shipments on vessels engaged in domestic trade. They are paid by the government, and they are one-half those prescribed in the other case. My opinion is that section 19 of the act of June 26, 1884, has no application to the case under consideration.

Section 27 of that act requires the secretary of the treasury to "regulate the mode of conducting business in the shipping offices." It does not vest him with power to prescribe the business, but to regulate the mode of conducting the business prescribed by law to be done. That there might be an orderly, systematic, and uniform mode of conducting business in the shipping offices, it was important that some authority should be required to prescribe regulations for it. The law provides for the business, and prescribes the duties of the shipping commissioner in relation thereto, and the secretary of the treasury regulates the mode of conducting the business thus provided for. As I construe section 27 of the act of June 26, 1884, I hold it has no reference to, or effect on, the commissioner's right to fees for services rendered under section 2 of the act of June 19, 1886.

But, if section 19 of said act of June 26, 1884, was held to apply to vessels engaged in domestic trade, it relates to reshipments or re-engagements. My idea of a reshipment is that it is the agreement to continue, or the continuance of the relation theretofore existing between the seamen and the vessel, without any interruption in that relation by a discharge and release. This may be by the mutual agreement of seaman and master at or before the expiration of the original term of service, and it may be evidenced by an indorsement to that effect on the original shipping articles, or new articles may be signed at the option of the parties. But it is a continuing by the seaman in the service of the vessel, when there has been no interruption in that service by a discharge. It appears from the proof in this case that at the time of the said several shipments for which compensation is here claimed each of the members of the crew so shipped had been duly and formally discharged and released before the shipping commissioner. At the time of the shipments the men so shipped were free to engage on the vessel from which they had been discharged, or on any other vessel, as they might choose. They chose to ship on the vessel from which they had but recently been discharged, and where there had been no intervening voyage, and they were, at the request of the master, engaged and shipped by the shipping commissioner in the manner provided by law. The plaintiff should not be denied compensation for services rendered by him as required by law because of the failure of the masters of these vessels to engage their crews for a longer term of service, or to re-engage them before an interruption of their relations by a formal discharge. Having performed the services required of him, he should be paid for them, until congress sees proper to

provide that in transactions like those out of which this case has arisen no compensation shall be allowed the commissioner. My opinion is that he is now entitled to the compensation claimed, which is prescribed by law to be one dollar for each member of the crew so shipped by him. Section 2, act June 19, 1886; 24 St. at Large, 80; section 4612, Rev. St.